UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CHARLES FERRO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 1:14-cv-89-CLC-SKL |
| v. | ) |
| | ) |
| THE CREEK, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

# ORDER TO SHOW CAUSE OR ATTEND DEPOSITION

On September 8, 2015, a brief telephonic hearing was held by the Court as to the motion filed by Defendants seeking an order: (1) compelling Martin Ferro (a non-party, former-employee witness who is the son of Plaintiff) to appear for deposition, (2) directing Martin Ferro to pay Defendants' reasonable expenses associated with his adjourned deposition and the filing of this motion, (3) finding Martin Ferro in contempt for his failure to obey a deposition subpoena, and (4) extending the deadlines for Defendants to take Martin Ferro's deposition and to file a dispositive pursuant to Federal Rules of Civil Procedure 37(a)(1) (5) and 45(g) [Doc. 37]. During the hearing, Plaintiff was represented by Attorney Doug S. Hamill and Defendants were represented by Attorney Oscar John Norris, III. Plaintiff indicated he did not oppose an order compelling Martin Ferro to attend his deposition.

Previously, Defendants have represented that they served a deposition subpoena on Martin Ferro. After efforts to take the deposition failed, Defendants obtained an Order from the Court allowing the deposition to be taken after the close of discovery [Doc. 35]. As a result, the deposition was rescheduled for September 3, 2015. Martin Ferro, after first agreeing to appear, failed to appear

for his deposition and allegedly did not provide the parties with an explanation for his last-minute failure to appear.

Rule 45 governs the procedure regarding subpoenas that issue from this Court, and such subpoenas may command a person to appear for a deposition and to produce documents for inspection and copying. Rule 45 provides certain protections for persons subject to a subpoena, and it explains a person's duties in responding to a subpoena. Fed. R. Civ. P. 45(c), (d) & (e). Persons subject to a properly issued subpoena are expected to comply with the terms of the subpoena, unless the Court quashes or modifies the subpoena in response to a timely filed motion. Fed. R. Civ. P. 45(d)(3). Under Rule 45(g), a person's failure, without adequate excuse, to obey a subpoena served upon that person may be deemed a contempt of the Court.

Defendants' unopposed motion [Doc. 37] is **GRANTED IN PART as follows.** The Court hereby **COMPELS Martin Ferro** to appear for a hearing to determine whether he should be compelled to comply with the subpoena and/or held in contempt for his failure to do so. Said hearing shall take place on **Monday, September 21 at 4:00 p.m. [EASTERN]** in Courtroom 4 of the Joel W. Solomon Federal Building & United States Courthouse at 900 Georgia Avenue, Chattanooga, TN 37402. **Any failure to fully comply with this Order could result in a finding of contempt against Martin Ferro**. In the event Martin Ferro submits to the deposition prior to the hearing, the parties **SHALL** notify the undersigned and the Court will then address whether the hearing remains necessary.

Defendants' request that the deadline for filing dispositive motions be extended is **GRANTED IN PART AND DENIED IN PART**. The deadline for filing dispositive motions will be extended from the current deadline of September 11, 2015, and the parties **SHALL** file all

dispositive motions no later than **Monday, September 14, 2015**. The Court **RESERVES RULING** on the remaining requests for relief set forth in the motion until after Martin Ferro complies with this Order.

**Further, pursuant to Fed. R Civ. P. 4.1(a), the Court specially appoints Attorney Douglas Hamill to timely serve this Order upon Martin Ferro and make proof of said service as provided in Rule 4(l).**

SO ORDERED.

ENTER:

                                           s/ *Susan K. Lee*
                                           SUSAN K. LEE
                                           UNITED STATES MAGISTRATE JUDGE